UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cr-80059-Altman/Brannon

UNITED STATES OF AMERICA,

v.

RILWAN SOETAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION
## FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from U.S. District Judge Roy K. Altman and the consent of the parties for a U.S. Magistrate Judge to accept a guilty plea by Rilwan Soetan. The Court held a change of plea hearing via Zoom videoconference on March 18, 2021, which was attended by Defendant, his counsel Peter Patanzo, and Assistant U.S. Attorney Adam McMichael. The Court hereby advises as follows:

    1.    The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court further advised Defendant that a U.S. Magistrate Judge was conducting the change of plea hearing by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

2. The Court advised Defendant that he did not have to permit the undersigned to conduct this hearing and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. A written plea agreement has been entered into by the parties in this case. This Court reviewed the plea agreement and had the Defendant acknowledge that he gave permission to his attorney to sign the plea agreement on his behalf. This Court also made certain that Defendant was aware of any maximum sentences which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

5. Defendant acknowledged that he was fully satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. Defendant pled guilty to count one of the Information, which count charges the defendant with being an alien, having previously been removed and deported from the United States on or about May 29, 2019, who did enter and attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557), having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

7. The parties filed a *Plea Agreement* and *Factual Basis*, made part of the record and signed by defense counsel for the Defendant (with permission by Defendant), defense counsel, and the Government. This factual proffer includes all of the essential elements of the offenses to which Defendant pled guilty. Defendant acknowledged that he permitted his attorney to sign the Factual Proffer on his behalf and that all the statements contained therein are true.

8. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report. The sentencing hearing will be conducted on June 8, 2021, at 1:30 P.M. in Fort Lauderdale, before U.S. District Judge Roy K. Altman via Zoom.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

FINDS that the Defendant is fully competent and capable to waive his guaranteed right to be present, in person at today's proceeding, and to consent to appear by video teleconference at today's proceeding;

That the Defendant understands the nature of these proceedings and his guaranteed right to be present, in person, at this proceeding;

That the Defendant has knowingly and voluntarily waived his guaranteed right to be present;

That due to the COVID 19 pandemic and the Administrative Orders of this Court, and in light of the Defendant's fully informed and voluntary waiver, today's plea hearing could not be further delayed without serious harm to the interests of justice and therefore this proceeding was held by video teleconference; and

RECOMMENDS that Defendant, Rilwan Soetan, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to the Information (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offenses, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file any written objections with U.S. District Judge Roy K. Altman. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. *See Resolution Tr. Corp. v. Hallmark Builders. Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (I.O.P.-3)

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 18th day of March, 2021.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE